**Jonathan C. Navarro, CSB #198310**
**Law Offices of Jonathan C. Navarro**
**765 The City Drive South, Suite 360**
**Orange, CA 92868**
**Tel.: (714) 647-9361**
**Fax: (714) 647-9362**
**Email: jnavarro@navarro-law.com**

**Attorney for Petitioner**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

**JITENDER, JITENDER,**

**Petitioner-Plaintiff,**

**v.**

**WARDEN, Adelanto ICE Processing Center;**

**DIRECTOR, Field Office Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement;**

**DAVE VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement;**

**MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security;**

**TODD BLANCHE, Attorney General of the United States,**

**Respondents-Defendants.**

**Case No.: ______________________**

**SECOND PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241) AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**[Civil Cover Sheet filed concurrently]**

**IMMIGRATION DETENTION — EXPEDITED CONSIDERATION REQUESTED**

**Agency File No.: A245-273-383**

**Related Prior Action: Jitender v. Warden, Case No. 5:26-cv-00520-DOC-SK (Judgment entered April 17, 2026)**

///

## INTRODUCTION

1. Petitioner JITENDER JITENDER ("Petitioner"), A-Number 245-273-383, is currently detained at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, CA 92301. By and through undersigned counsel, Petitioner files this second petition for writ of habeas corpus under 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief seeking his immediate release from immigration detention.

2. This petition is not a successive attack on the same custody determination. Petitioner's first habeas petition, Jitender v. Warden, No. 5:26-cv-00520-DOC-SK (C.D. Cal.), challenged ICE's January 30, 2026 re-detention without pre-deprivation process after Petitioner had been released on conditional parole on or about September 24, 2023. That action terminated by stipulated judgment on April 17, 2026, directing only a post-detention § 1226(a) bond hearing. An Immigration Judge thereafter denied bond on August 3, 2026. Petitioner reserved and timely filed an appeal of that bond denial to the Board of Immigration Appeals on or about August 26, 2026 (BIA filing receipt dated September 2, 2026).

3. Changed circumstances and new legal developments now require this Court's intervention. First, the post-deprivation hearing ordered in the prior action did not and cannot cure the constitutional injury already inflicted by the January 30, 2026 re-arrest. Courts in this Circuit have repeatedly held that a later § 1226(a) hearing is an inadequate remedy for an unlawful revocation of liberty. Second, the August 3, 2026 hearing itself was constitutionally deficient: the immigration judge treated a pending merits appeal as a near-dispositive flight-risk factor, credited disputed ATD allegations without requiring DHS to prove them by clear and convincing evidence, and rejected a proposed sponsor on speculative grounds about a spouse's unstated consent. Third, after the first petition was resolved, the Ninth Circuit issued Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir. July 30, 2026), confirming that noncitizens

apprehended in the interior are detained under § 1226, not § 1225(b)(2).

4. Petitioner has now been confined continuously since January 30, 2026—more than seven months. The status quo ante is his September 24, 2023 conditional parole. Immediate release on those prior conditions (or reasonable alternatives) is the only constitutionally adequate remedy. In the alternative, Petitioner seeks a new, constitutionally adequate hearing before a neutral adjudicator at which DHS bears the burden of proving, by clear and convincing evidence, that Petitioner is a present danger or flight risk and that no condition or combination of conditions can reasonably assure appearance and community safety.

5. Absent review in this Court, Petitioner will remain detained while a BIA bond appeal proceeds on an uncertain timetable, compounding an injury that a post-deprivation hearing never repaired. Every additional day of confinement is irreparable.

## STATEMENT OF FACTS

6. Petitioner is a native and citizen of India, born in Panipat, Haryana. He left India on April 3, 2023, using his own passport and a ticket in his own name. He entered the United States without inspection on or about September 24, 2023, at or near Lukeville, Arizona. DHS served a Notice to Appear the next day, September 25, 2023, charging removability under INA § 212(a)(6)(A)(i). The NTA was filed with the immigration court on November 13, 2023. On January 18, 2024, Petitioner admitted the factual allegations and conceded the charge. The court found him removable to India.

7. On or about September 24, 2023—the same date as entry—ICE released Petitioner on conditional parole under INA § 236(a), 8 U.S.C. § 1226(a), after determining that he was neither a danger to the community nor a flight risk. He thereafter resided in the community, worked, and pursued asylum, withholding of removal, and CAT protection with counsel. His I-589 identified religion (Christianity; baptized December 12, 2021, at the John

Wesley Methodist Church in Haryana) as the protected ground. He has no family with lawful status in the United States. He has community and employment ties in California, including a proposed sponsor who is a co-worker and friend prepared to house and financially support him.

8. On January 30, 2026, ICE re-arrested Petitioner without notice of changed circumstances, without stating reasons, and without a pre-deprivation hearing before a neutral adjudicator. Petitioner remains detained at the Adelanto ICE Processing Center.

9. On February 5, 2026, Petitioner filed his first petition for writ of habeas corpus, Case No. 5:26-cv-00520-DOC-SK. The petition sought immediate release and, alternatively, a § 1226(a) bond hearing. Petitioner alleged that the January 30 re-detention violated due process, the APA, and § 1226(a)–(b).

10. Respondents answered that, at most, Petitioner was entitled to a post-detention bond hearing at which he would bear the burden of proof. Petitioner's Traverse argued that a post-deprivation hearing cannot cure an already-completed deprivation of liberty and that immediate release was required.

11. On April 17, 2026, the Court entered stipulated judgment granting the petition only to the extent of ordering an individualized § 1226(a) bond hearing within seven days. The first action was terminated. That judgment did not adjudicate Petitioner's claim that immediate release was the constitutionally required remedy, nor did it address the adequacy of any later hearing.

12. On July 10, 2026, the immigration judge issued a written Decision and Order after a full merits hearing. The court found Petitioner ***credible***. The court nonetheless denied asylum, withholding of removal, and CAT protection, concluding that two 2022–2023 incidents involving BJP/unknown private actors did not rise to past persecution, that an objective well-founded fear was not shown, that internal relocation was reasonable, and that the Indian

government was not shown unable or unwilling to control private actors. The court ordered Petitioner removed to India and advised that any appeal was due at the BIA within thirty calendar days. Petitioner timely appealed. The Board of Immigration Appeals issued a Filing Receipt dated July 21, 2026, acknowledging receipt of Respondent's merits appeal on July 13, 2026. The removal order is therefore not administratively final. See 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1.

13. On August 3, 2026—less than four weeks after denying relief on the merits—the same Immigration Judge denied Petitioner's § 1226(a) custody redetermination. The written bond order purports to find by clear and convincing evidence that Petitioner is a flight risk and that no bond is appropriate. It does not find that Petitioner is a danger to the community. The order relies on four clusters of reasons: (a) the pending removal order after a full merits hearing, with any appellate relief characterized as "speculative at best," citing Matter of A-L-S-, 29 I&N Dec. 794 (BIA 2026); (b) lack of family ties with status and presence of less than three years since the September 2023 entry; (c) an I-213 allegation of 11 ATD violations (missed biometric check-ins and virtual meetings in 2023 and 2025), which Petitioner denied; and (d) a finding that the proposed sponsor—a married co-worker friend—is "not reliable" because her husband allegedly provides most household income, there was no affirmation of the husband's consent, and Petitioner expected to reside at his former apartment rather than with the sponsor, citing Matter of Z-N-L-, 29 I&N Dec. 511 (BIA 2026), and Matter of Dobrotvorskii, 29 I&N Dec. 211 (BIA 2025).

14. Petitioner reserved appeal of the bond denial. The Board of Immigration Appeals issued a filing receipt dated September 2, 2026, acknowledging receipt of Petitioner's bond appeal on August 26, 2026.

15. Petitioner has no criminal convictions. The Immigration Judge who found him

credible on the merits made no danger finding on bond. Detention is predicated solely on an asserted flight risk. Using the same judge's own merits denial as the principal flight-risk factor converts the taking of a timely merits appeal into a ground for no-bond detention.

16. Since the first habeas judgment, controlling and persuasive authority has sharpened the legal landscape. On July 30, 2026, the Ninth Circuit held that noncitizens present without admission who are apprehended in the interior are subject to § 1226, not § 1225(b)(2)(A). Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir. July 30, 2026). On September 1, 2026, this District ordered immediate release of a previously released noncitizen re-detained without pre-deprivation process, holding that only return to the status quo ante remedies the due-process violation. Kumar v. Warden, No. 5:26-cv-04562-MAR (C.D. Cal. Sept. 1, 2026).

**CUSTODY**

17. Petitioner is in Respondents' legal and physical custody at the Adelanto ICE Processing Center and has been continuously detained since January 30, 2026.

**JURISDICTION**

18. This Court has jurisdiction under 28 U.S.C. § 2241; U.S. Const. art. I, § 9, cl. 2; and 28 U.S.C. § 1331. Petitioner is in custody under color of federal authority in violation of the Constitution and laws of the United States. See Boumediene v. Bush, 553 U.S. 723, 747 (2008); INS v. St. Cyr, 533 U.S. 289, 301 (2001); Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020).

19. Section 1226(e) does not bar this action. Petitioner does not ask this Court to second-guess a discretionary bond amount. He challenges (i) the legality of the January 30, 2026 re-detention and the continuing custody that flowed from it; (ii) whether the August 3, 2026 proceeding supplied the process the Constitution requires; and (iii) whether continued

detention after more than seven months, on a flight-risk theory built from a pending appeal and disputed ATD allegations, remains lawful. Those are questions of statutory and constitutional authority. See Demore v. Kim, 538 U.S. 510, 516–17 (2003); Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011).

20. This petition is not barred by the first habeas action. First, 28 U.S.C. § 2244(b)'s "second or successive" gatekeeping applies to applications under § 2254, not to an immigration detainee's § 2241 challenge to present custody. Second, the first case is closed. Judgment entered April 17, 2026; the action was terminated. This filing is a new petition attacking a later custody, not a second petition in a live case. Third, abuse of the writ bars only claims that were or could have been raised in the prior petition. The first petition could not challenge the August 3, 2026 no-bond order, the July 10, 2026 merits decision, the July 13, 2026 merits appeal, or the July 30 and September 1, 2026 authorities—none of those existed on April 17. The April 17 stipulated judgment decided one issue: Petitioner was entitled to an individualized § 1226(a) hearing. It did not decide that any later hearing would be constitutionally adequate, and it did not adjudicate Petitioner's request for immediate release. Petitioner does not ask this Court to vacate, reopen, or modify that judgment under Rule 60. Petitioner asks the Court to review the lawfulness of the custody that followed it. Fourth, claim preclusion does not attach to issues never decided. No court has ruled on the legality of Petitioner's present confinement after the August 3 order.

**REQUIREMENTS OF 28 U.S.C. § 2243**

21. The Court must grant the petition or issue an order to show cause "forthwith," and Respondents must return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243. Habeas is a swift remedy. Yong v. INS, 208 F.3d 1116, 1120 (9th Cir. 2000). Petitioner has already waited more than ***seven*** months

since an unlawful re-arrest and more than a month since bond was denied. Expedited consideration is required.

## VENUE AND INTRADISTRICT ASSIGNMENT

22. Venue is proper under 28 U.S.C. § 1391(e). Petitioner is detained in San Bernardino County. Assignment to the Eastern Division is proper under Local Rule 3-2. This petition is related to the closed action Jitender v. Warden, No. 5:26-cv-00520-DOC-SK. Related-case notice is given so the matter may be assigned to the same District and Magistrate Judges; it is not a concession that the claims are the same or that the April 17 judgment bars this petition.

## EXHAUSTION

23. Exhaustion of administrative remedies in § 2241 immigration habeas is prudential, not jurisdictional. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017). Waiver is appropriate where remedies are inadequate, pursuit would be futile, or irreparable injury will result.

24. Petitioner has already exhausted the administrative bond process to the extent it exists: he requested a custody redetermination, received a denial, reserved appeal, and filed with the BIA. Waiting for a BIA decision does not repair the original pre-deprivation violation, does not correct constitutional defects in the hearing itself, and will prolong irreparable loss of liberty. The BIA cannot adjudicate Petitioner's Fifth Amendment claims. Am.-Arab Anti-Discrimination Comm. v. Reno, 70 F.3d 1045, 1058 (9th Cir. 1995). Exhaustion should therefore be waived as to all claims, or treated as satisfied as to the bond-hearing challenge.

## PARTIES

25. Petitioner Jitender Jitender, A245-273-383, is detained at Adelanto.

26. Respondent Warden of the Adelanto ICE Processing Center is Petitioner's

immediate custodian and is sued in official capacity.

27. Respondent Field Office Director, Los Angeles ICE Field Office, is a legal custodian and is sued in official capacity.

28. Respondent Dave Venturella, Acting Director of ICE, is sued in official capacity.

29. Respondent Markwayne Mullin, Secretary of Homeland Security, is sued in official capacity as the ultimate legal custodian. See 8 U.S.C. § 1103(a).

30. Respondent Todd Blanche, Attorney General of the United States, is sued in official capacity.

## LEGAL FRAMEWORK

### A. Re-Detention After Conditional Parole Requires Pre-Deprivation Process

31. Release on bond or conditional parole reflects a determination that the noncitizen is not a danger or a flight risk. Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), aff'd, 905 F.3d 1137 (9th Cir. 2018). That release creates a protected liberty interest. Morrissey v. Brewer, 408 U.S. 471, 480–82 (1972); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). The government's decision to release "creates an implicit promise" that liberty "will be revoked only if [the person] fail[s] to live up to the conditions of release." Pinchi, 792 F. Supp. 3d at 1032 (quoting Morrissey, 408 U.S. at 482).

32. ICE's statutory power to revoke release, 8 U.S.C. § 1226(b); 8 C.F.R. § 236.1(c)(9), is constrained by due process. Hernandez, 872 F.3d at 981. Matter of Sugay, 17 I&N Dec. 647 (BIA 1981), requires changed circumstances before re-arrest; district courts in this Circuit have held that due process further requires notice and a hearing before revocation. Ortega v. Bonnar, 415 F. Supp. 3d 963 (N.D. Cal. 2019); Jorge M.F. v. Jennings, 534 F. Supp. 3d 1050, 1054–55 (N.D. Cal. 2021); Kumar, No. 5:26-cv-04562-MAR, slip op. at 8–10 (C.D. Cal. Sept. 1, 2026).

33. Under Mathews v. Eldridge, 424 U.S. 319, 335 (1976), (1) Petitioner's liberty interest after more than two years of community release is weighty; (2) the risk of error without a pre-deprivation hearing is extreme; and (3) the government's interest in skipping that hearing is minimal. Hernandez, 872 F.3d at 993–94.

34. A post-detention § 1226(a) hearing does not erase the injury. "An order directing a bond hearing under § 1226(a) … misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid." Jorge M.F., 534 F. Supp. 3d at 1055; see also E.A.T.B. v. Wamsley, 2025 WL 2402130, at *6 (W.D. Wash. 2025); Kumar, slip op. at 9 ("Petitioner's release is necessary to return him to the status quo.").

**B. The August 3, 2026 Hearing Did Not Supply Constitutionally Adequate Process**

35. Even treating the August 3 hearing as relevant process, it was inadequate. Due process in civil immigration detention requires an individualized hearing at which the government bears the burden of proving by clear and convincing evidence that the noncitizen is a danger or a flight risk. Singh v. Holder, 638 F.3d at 1203–05. Several district courts have applied that burden to re-detention after prior release. See Kumar, slip op. at 10; Mourey v. Bowen, 2026 WL 467567, at *6 (C.D. Cal. Jan. 31, 2026).

36. The Immigration Judge's order is legally and factually deficient in at least four respects.

37. First, treating a pending merits appeal as a "significant flight risk factor" because relief is "speculative" punishes the lawful exercise of appellate rights. The same Immigration Judge who found Petitioner credible on July 10 then, on August 3, used that judge's own denial—and Petitioner's decision to appeal it—as the lead reason to hold him with no bond. Appearance while litigating an appeal is the ordinary incident of removal defense, not evidence

of flight. Using the existence of an appeal to justify detention creates a Catch-22: the more a noncitizen pursues relief, the more “speculative” and therefore detainable he becomes.

38. Second, lack of U.S.-citizen or LPR family and presence of under three years cannot, standing alone, meet a clear-and-convincing flight-risk burden for a person ICE itself released in 2023 and who then remained in the community for more than two years. Those facts existed at the time of the original parole. They are not material changed circumstances. Saravia, 280 F. Supp. 3d at 1176.

39. Third, the I-213’s allegation of 11 ATD violations is disputed. Petitioner denied the violations. An unsworn I-213, without particularized proof of willful noncompliance and without findings resolving the dispute under the clear-and-convincing standard, cannot lawfully convert a prior release into no-bond detention. Isolated or disputed compliance issues do not erase a prior danger/flight determination. See Selis Tinoco v. Noem, 818 F. Supp. 3d 1141, 1146–47 (E.D. Cal. 2025).

40. Fourth, the sponsor finding rests on speculation: absence of the husband’s signature, an assumed inability to support on a $40,000 income, and an “address discrepancy” between the sponsor’s offer and Petitioner’s former apartment. Due process requires an individualized assessment of whether conditions of release—including living at the former address with reporting, or living with the sponsor—can reasonably assure appearance. Categorical distrust of co-worker sponsors, or of married sponsors without a spouse’s affidavit, is not clear and convincing evidence of flight risk.

41. The hearing also came months after the deprivation. Process that arrives after seven months of confinement cannot be the process that was due on January 30, 2026.

**C. Detention Authority Is § 1226(a), Not Mandatory Detention**

42. Petitioner is an interior apprehension after a 2023 entry. Under Rodriguez

Vazquez, he is detained, if at all, under § 1226, not § 1225(b)(2)(A). To the extent Respondents continue to treat him as mandatorily detained, that position is foreclosed in this Circuit.

43. Because a merits order has been entered and timely appealed, Respondents may attempt to recast detention as arising under 8 U.S.C. § 1231. That recasting fails. An order of removal becomes final only upon BIA dismissal of the appeal or expiration of the time to appeal. 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1. Petitioner's merits appeal was received by the BIA on July 13, 2026, and remains pending. Detention therefore remains under § 1226(a). Even if § 1231 were in view, Zadvydas and its progeny constrain prolonged post-order detention, and the original January 30, 2026 re-arrest still occurred without the process due a previously paroled noncitizen. The July 10, 2026 decision found Petitioner credible; it is not a finding that he is a flight risk or a danger. Departure while the merits appeal is pending would risk treating the appeal as withdrawn, see 8 C.F.R. § 1003.4—another reason the government cannot treat continued presence as "flight risk" while simultaneously warning that leaving the country forfeits the appeal.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Due Process — Unlawful Re-Detention and Inadequate Post-Deprivation Process**

**U.S. Const. amend. V**

44. Petitioner incorporates the preceding paragraphs.

45. Petitioner had a protected liberty interest in his September 24, 2023 conditional parole. ICE revoked that liberty on January 30, 2026 without notice, without stated reasons, and without a pre-deprivation hearing. That violation is ongoing. The April 17, 2026 stipulated hearing order did not adjudicate or cure it.

46. The August 3, 2026 hearing did not supply the process due. It was post-

deprivation; it rested on legal errors and speculative findings that do not constitute clear and convincing evidence of present flight risk; and it did not restore the status quo ante.

47. Continued detention therefore violates procedural and substantive due process. The appropriate remedy is immediate release on the conditions of the prior parole (or reasonable alternatives), together with an injunction against re-detention without constitutionally adequate pre-deprivation process at which DHS bears the clear-and-convincing burden. Kumar, slip op. at 11–12; Jorge M.F., 534 F. Supp. 3d at 1055.

**SECOND CLAIM FOR RELIEF**

**Due Process — Constitutionally Deficient Bond Hearing**

**and Unlawful Continued Detention After Denial**

48. Petitioner incorporates the preceding paragraphs.

49. Assuming a post-detention hearing could ever satisfy due process after an unlawful re-arrest, the August 3, 2026 proceeding failed that test. The Immigration Judge's flight-risk analysis relied on a pending appeal, facts that predated the 2023 release, disputed ATD allegations, and speculative sponsor findings. Those reasons do not meet the clear-and-convincing standard or the requirement of an individualized determination that no conditions of release would suffice.

50. Petitioner is entitled to immediate release or, alternatively, a new hearing before a neutral adjudicator applying the correct burden, excluding punishment for taking an appeal, and considering available conditions of release.

**THIRD CLAIM FOR RELIEF**

**Administrative Procedure Act, 5 U.S.C. § 706(2)**

51. Petitioner incorporates the preceding paragraphs.

52. The January 30, 2026 re-arrest, the continued detention, and any application of

mandatory-detention theories rejected in Rodriguez Vazquez and Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), are arbitrary, capricious, contrary to constitutional right, and in excess of statutory authority. 5 U.S.C. § 706(2)(A)–(C).

**FOURTH CLAIM FOR RELIEF**

**Statutory Violation — 8 U.S.C. § 1226(a)–(b)**

53. Petitioner incorporates the preceding paragraphs.

54. Detention, if authorized at all, is under § 1226(a). Section 1226(b) does not authorize revocation of parole without the process the Constitution requires. Respondents have not made, and the August 3 order does not lawfully supply, the individualized determination § 1226(a) demands.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court:

(1) Assume jurisdiction over this matter;

(2) Issue the writ or an order to show cause within three days under 28 U.S.C. § 2243, and set a prompt hearing;

(3) Enjoin Respondents from transferring Petitioner outside the Central District of California pending resolution of this case;

(4) Issue a writ of habeas corpus requiring Respondents to immediately release Petitioner on the conditions of his September 24, 2023 conditional parole, or on reasonable alternative conditions of supervision;

(5) Enjoin Respondents from re-detaining Petitioner without at least seven days' written notice and a pre-deprivation hearing before a neutral decisionmaker at which DHS bears the same clear-and-convincing burden, including proof of material changed circumstances since

the 2023 parole;

(6) Declare that the January 30, 2026 re-detention and the ensuing custody violate the Fifth Amendment, the APA, and 8 U.S.C. § 1226;

(7) Award reasonable costs and attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(8) Grant such further relief as the Court deems just and proper.

Dated: September 10, 2026

Respectfully submitted,

/s/ Jonathan C. Navarro
Jonathan C. Navarro, Esq.
Attorney for Petitioner

**VERIFICATION PURSUANT TO 28 U.S.C. 2242**

I am submitting this verification on behalf of the Petitioner because I am the Petitioner's attorney. I have discussed with the Petitioner the events described in the Petition and reviewed Petitioner's immigration file. Based on said review and those discussions, I hereby verify that the factual statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Executed on this September 10, 2026, in Orange, California.

/s/ Jonathan C. Navarro
Jonathan C. Navarro, Esq.
Attorney for Petitioner